### SINISCALCHI v. PENNACHIO.

(Supreme Court, Appellate Term. January 8, 1909.)

1. CONTRACTS (§ 278*)—PERFORMANCE—PREVENTION BY OTHER PARTY.
    In an action to recover for preventing performance of a contract to alter defendant's house, where plaintiff's failure to secure a permit from the building department as agreed was due to defendant's omission to take steps to take the building out of the jurisdiction of the tenement house commission, which he was to do, plaintiff was not responsible for his failure to secure a permit, so as to bar a recovery.
    [Ed. Note.—For other cases, see Contracts, Dec. Dig. § 278.*]

2. CONTRACTS (§ 349*)—ACTIONS—ADMISSIBILITY OF EVIDENCE.
    In an action for damages for preventing the performance of a building contract, evidence that defendant's son, who was in charge of the premises under defendant's control, ordered the work stopped, was admissible, though he had no special authority to stop the work, being an act of obstruction by one placed in charge of the work and under defendant's control.
    [Ed. Note.—For other cases, see Contracts, Dec. Dig. § 349.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Salvatore Siniscalchi against Frank Pennachio. From a judgment for plaintiff, defendant appealed. Affirmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Ullo & Ruebsemen, for appellant.
Claude W. Gibson, for respondent.

BISCHOFF, J. The plaintiff's recovery for prevention of performance of a contract for altering the defendant's premises is well

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

supported by the facts in evidence. So far as the agreement indicated his obligation to obtain a permit from the building department, this obviously related to the character of the work of alteration, and to the submission of plans for the work which would be satisfactory to the department. It appears that the plaintiff did comply with his agreement so far, and that the failure to obtain the official consent was due wholly to the defendant's omission to complete an earlier proceeding of his own, whereby the building was to be taken out of the jurisdiction of the tenement house department, a condition not within the plaintiff's duty to meet.

The fact of prevention of performance was established by credible evidence that the defendant personally had ordered the plaintiff to cease work, and the question did not depend upon the effect of an order given to the plaintiff's employés by the defendant's son, who was in apparent charge of the premises. Possibly, as contended by the defendant, his son's authority to stop the work was not shown; but the evidence was none the less competent, since an act of obstruction, by a person placed in charge of the place of work, under the defendant's control, was certainly a circumstance bearing upon the plaintiff's duty to perform.

The judgment should be affirmed, with costs. All concur.